Harper, J.
delivered the opinion of the Court.
We might very well conclude from the evidence before us, that there was no degree of neglect in the master of the vessel; that the ship was moored, so far as could be foreseen, in the most judicious manner; and that she was staunch and seaworthy: but we cannot be assured that the jury have found this. They may have concluded, contrary to the opinion of the witnesses, that there was mismanagement, and determined from the fact of the ships springing a leak under the circumstances, that she was not seaworthy. It was rightly said on the part of the plaintiffs, that it is enough to show the damage done, in order to render the defendants liable; and the burden is on them to shew, that it was occasioned by such a cause, as will exempt them from liability. The jury may have decided that this was not sufficiently shown.
It is, perhaps, not practicable to define accurately the sort of accident, that comes under the denomination of the act of God; nor is it necessary to do so. Certainly it is not enough that there has been no negligence on the part of the carrier, and that he has used all the ’precautions which ordinary prudence would suggest. It is said by Lord Mansfield in the case of Forward v. Pittard, 1 T. R. 33. that the carrier is in the nature of an insurer. “ To prevent litigation, collusion, and the necessity of going into circumstances impossible to be unravelled, the law presumes against the carrier, unless he shows it was done by the king’s enemies, or by such an accident as could not happen by the intervention of man, as storms, lightning and tempests.” The carrier is rendered thus liable on motives of public policy; and his liability without any fault of his own, is not confined to the case of loss by robbery, where the danger is that he may combine with the robbers: though Sir William Jones in his treatise on Bailments, p. 121, seems to think differently. The case of Forward v. Pittard, 1 T. R. 27, was of a loss by fire not originating *162 in the place where the goods were kept, and yet the carrier was heid liable.
The policy of the law supposes that there may be negligence impossible to be detected; and therefore renders the carrier liable, unless the loss can be referred to that particular kind of inevitable accident called the act of God. “Whatever definition we may give to it, I cannot perceive that the loss in this case is referable to such a cause. We cannot conclude on the facts that there was a log or other substance under the keel of of the vessel, thrown there accidentally, without the chance of detection. The act of God seems to involve some notion of an accident from natural causes, impossible to be foreseen, and therefore impossible to be guarded against — such are the instances of storms, lightning and tempests, enumerated by Lord Mansfield, 1 T. R. 33. Such is the instance of a shoal or bank unknown to navigators, or suddenly formed in the ocean. But in the present instance the loss must have originated from causes that might have been foreseen, or from the agency, (however well and wisely intended) of man. The bottom of Vanderhorst’s dock was known, and it might have been foreseen that the water must be thrown to one end of a vessel settling on a declinin g bottom. It is not enough that other vessels have moored in the same dock, without experiencing such effect; the cause was obviously calculated to produce the effect. We cannot say that it was impossible to avoid the danger, thus capable of being foreseen, by going into a different dock, or mooring in a different manner. The case of Smith v. Shepherd, Abbott on Shipping, part 3, c. 4, s. 1, is a strong one to shew that there need not be actual negligence to charge the carrier. The case further establishes that to exempt him, the loss must be occasioned immediately and directly, and not consequentially by the act of God. We cannot perceive that the loss was thus occasioned in the present instance, and the motion is therefore refused.
Motion refused.